Mr. Bruce Campbell President Brazos River Authority P.O. Box 7555 Waco, Texas 76714
Re: The selection and qualification of depositories for the funds of River Authorities (RQ-1034)
Dear Mr. Campbell:
At the request of the board of directors of the Brazos River Authority, established in 1929 by special law, see Acts 1929, 41st Leg., 2d C.S., Special Laws, ch. 13, at 22, you pose three questions about the power of the river authority to make deposits of its funds. You ask:
 a. Under the provisions of article 4413(34c), can funds of the authority be deposited in banks offering FDIC [Federal Deposit Insurance Corporation] insurance to the extent that the deposits are fully covered by such insurance without requiring pledge of securities to additionally secure such deposits?
 b. Under article 4413(34c), can the authority enter into arrangements with members of bank holding company families which will take deposits in excess of $100,000.00 and distribute them among other members of the holding company families, so that all of the deposits are fully insured by FDIC insurance, without requiring each of the depositories to qualify in the manner provided for in county depositories?
 c. Under article 4413(34c), can the authority deposit its funds in accounts of or certificates of deposit issued by banks which have not qualified as depositories of authority funds in the manner provided for county depositories if such deposits are fully covered by FDIC insurance?
Each of your questions concerns the intent and scope of article 4413(34c), V.T.C.S., a 1979 act relating to the investment of public funds in the custody of state agencies and political subdivisions. See Acts 1979, 66th Leg., ch. 810, at 2071. The statute provides in pertinent part:
Section 1. In this Act:
 (1) `Local funds' means public funds in the custody of a state agency or political subdivision that are not required by law to be deposited in the state treasury and that the agency or subdivision has legal authority to invest.
 (2) `State agency' means an office, department, commission, board, or other agency, including an institution of higher education or a river authority, that is a part of any branch of state government.
. . . .
 Sec. 2. Each state agency or political subdivision shall adopt rules governing the investment of local funds of the agency or subdivision. The rules shall clearly specify the scope of authority of officers and employees of the agency or subdivision that are designated to invest the local funds.
. . . .
 Sec. 6. A state agency or political subdivision shall invest local funds in investments that yield the highest possible rate of return while providing necessary protection of the principal consistent with the operating requirements as determined by the governing body.
 Sec. 7. This section does not prohibit an investment specifically authorized by other law nor authorize an investment specifically prohibited by other law. (Emphasis added.)
As this office observed in Attorney General Opinion MW-224
(1980), article 4413(34c), V.T.C.S., applies only to funds which the political subdivision or state agency has authority to invest, and placing funds in a depository is not an investment of those funds. Lawson v. Baker, 220 S.W. 260 (Tex.Civ.App.-Austin 1920, writ ref'd). Thus, article 4413(34c), does not authorize the Brazos River Authority to invest funds which other statutes require to be placed in an official depository. See Attorney General Opinion Nos. MW-343 (1981); H-1013 (1977); H-723 (1975). Nor does it in any way alter legal requirements for official depositories.
The original designation of the Brazos River Authority was "The Brazos River Conservation and Reclamation District." Acts 1929, 41st Leg., 2d C.S., Special Laws, ch. 13, at 22. The name was changed in 1953. See Acts 1953, 53rd Leg., ch. 194, § 1, at 531. In 1939, this office determined that article 7880-113, V.T.C.S., governed the selection and usage of a depository for the San Jacinto River Conservation and Reclamation District, a similar agency created by special act. See Attorney General Opinion O-1707 (1939). The language found in the statute creating the San Jacinto River district upon which Attorney General Opinion O-1707 relied for its conclusion is also found in the Brazos River Authority statute. We conclude that both are governed by the same law respecting depositories. Cf. Acts 1934, 43rd Leg., 4th C.S., ch. 7, § 17, at 19, 31 (Lower Colorado River Authority Act — "no other law with regard to the . . . deposit of the proceeds [of bonds] . . . shall be construed as applying"); Lower Colorado River Authority v. Chemical Bank and Trust Co. 185 S.W.2d 461
(Tex.Civ.App.-Austin), aff'd, 190 S.W.2d 48 (Tex. 1945).
With the enactment of the Water Code in 1971, see Acts 1971, 62d Leg., ch. 58, at 110, portions of article 7880-113 became sections 51.356 and 51.357 of the code. Section 51.356 provides:
 (a) The board shall select a depository for the district in the manner provided for the selection of a county depository and shall perform all duties provided by law for the selection of a depository, acceptance and approval of bonds, and other acts.
 (b) The depository shall execute a good and sufficient bond or security that will be the same as provided by law for a county depository approved by the board to fully protect the district and to guarantee the preservation of the funds and the accountability of the depository as provided by law. The bond or security shall be recorded in the district office and kept in a fireproof vault or safe.
 (c) Except as otherwise provided, the duties and the bond and security of the depository shall be the same as provided by law for a county depository.
Section 51.357 reads:
 (a) Funds of the district shall be deposited in the depository and shall be paid out as provided in this chapter.
 (b) The funds shall be deposited in the interest and sinking fund account, the construction account, or the maintenance account, and each account shall be maintained separately.
 (c) No money may be paid from the interest and sinking fund account except to pay interest and principal on bonds and to pay the expenses of assessing and collecting taxes to pay for the bonds.
 (d) The depository shall make a report of all money received and paid out by it at the end of each month and shall file the report and the vouchers with the records of the district in the depository vault. A copy of the report shall be made available for inspection by any taxpayer and shall be delivered to the successor of the depository.
Subsection (b) of section 51.356 specifies that the depository shall execute a bond or security "that will be the same as provided by law for a county depository." The law that controls the bond or security to be furnished by a county depository is now found in chapters 116, 117, 130 and 131 of the Local Government Code. Section 116.060 thereof reads:
 A depository is not required to provide security for the deposit of county funds to the extent the deposits are insured under 12 U.S.C.A. Sections 1811-1832.
Sections 1811-1832 of 12 U.S.C. deal with the Federal Deposit Insurance Corporation. Consequently, in reply to your first question, to qualify as the depository for the river authority, the selected depository need not furnish bonds or pledge securities to protect the amount to be deposited that will be insured by the Federal Deposit Insurance Corporation.
In response to your second question, we advise that the authority cannot arrange with a bank holding company to distribute the authority's deposits among member banks that have not qualified according to law as official depositories of the authority. See Attorney General Opinion Nos. JM-383 (1985); H-1185 (1978).
We answer your third question in the same vein. The authority may not deposit its funds in accounts of banks which have not qualified as depositories of the authority, nor purchase certificates of deposit from any bank in lieu of following the requirements of law for the selection of depositories. See Attorney General Opinion Nos. JM-383 (1985); MW-343 (1981);MW-224 (1980); H-1013 (1977). Cf. Local Gov't Code § 116.112(a), (b) (withdrawal of deposits in certain circumstances exclusively for investment in direct debt securities of the United States or fully collateralized repurchase agreements); V.T.C.S. art. 6252-5a (permissible investments in other circumstances).
 SUMMARY
Article 4413(34c), V.T.C.S., does not alter legal requirements for official depositories. The Brazos River Authority cannot directly or indirectly deposit its funds in depositories that have not qualified according to law, but in order to qualify as an official depository the depository selected need not furnish bonds or pledge securities to protect deposits that are insured by the Federal Deposit Insurance Corporation.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller Executive Assistant Attorney General
 Judge Zollie Steakly Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Bruce Youngblood Assistant Attorney General